UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

STEVEN STEWART,

        Case No. 20-cv-

    Plaintiff,

v.

CITISTAFF, INC.,

    Defendant.
_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Steven Stewart, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant CitiStaff, Inc., and in support thereof states:

1. Plaintiff Steven Stewart ("Stewart" or "Plaintiff") is a resident of the Township of Highland, Oakland County, Michigan.

2. Defendant CitiStaff, Inc. ("CitiStaff" or "Defendant") is a Michigan corporation with its principal place of business located in Oakland County, Michigan.

3. Jurisdiction is vested with this Court pursuant to 29 USC §201, et seq. and 28 USC §1331.

4. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

5. The events giving rise to this litigation occurred in Oakland County, Michigan.

## GENERAL ALLEGATIONS

*FLSA Violation:*

6. Stewart was hired by CitiStaff as a Recruiter in November 2016.

7. Stewart was laid off from his employment with CitiStaff on or about March 29, 2020.

8. During the purported layoff, CitiStaff required and/or encouraged Stewart to continue providing work and services to CitiStaff.

9. CitiStaff failed, refused and neglected to pay any wages to Stewart during the time after March 29, 2020 that he was required and/or encouraged to provide work and services to CitiStaff.

10. During the time period after March 29, 2020 when Stewart was allegedly on a layoff status, he was provided instructions from his superiors at CitiStaff directing him to provide work services on behalf of CitiStaff.

11. CitiStaff's failure to pay wages to Stewart during his alleged layoff is a violation of the Fair Labor Standards Act, 29 USC §201, et seq.

*Tortious Interference with Business Relationship:*

12. CitiStaff has alleged that Stewart is a party to a noncompetition and non-solicitation agreement.

13. In or about July 2020, Stewart began employment with LJ, Inc.

14. There is no valid or enforceable noncompetition and non-solicitation agreement between the parties.

15. The purported noncompetition agreement was not signed by Stewart.

16. The use of a purported noncompetition agreement in this litigation is barred by the Bullard-Plawecki Employee Right to Know Act, specifically MCL 423.502.

17. Despite the fact that there is no valid or enforceable noncompetition agreement, CitiStaff has communicated with LJ, Inc. in an attempt to have LJ, Inc. discharge Stewart from his employment with LJ, Inc.

18. CitiStaff has demanded, encouraged and requested that LJ, Inc. discharge Stewart from his employment.

19. CitiStaff has no legal or factual basis to interfere with Stewart's contract or business relationship with LJ, Inc.

20. Further, the purported noncompetition and non-solicitation agreement is unenforceable because CitiStaff committed the first material breach of the parties' contract, thereby excusing Stewart's performance.

## COUNT I
## VIOLATION OF FLSA

21. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

22. Pursuant to 29 USC §206(a), CitiStaff is required to pay all of its employees a certain hourly wage to all of its employees who in any workweek is engaged in commerce or is employed in an enterprise engaged in commerce.

23. CitiStaff failed to pay Stewart for time in which he was engaged in commerce; specifically, CitiStaff has failed, refused and neglected to pay Stewart for the time that he worked, as well as failed, refused and neglected to pay Stewart the commissions owed to him pursuant to his employment agreement.

24. As a direct and proximate result of CitiStaff's violation of the FLSA, Stewart has suffered damages, including, but not limited to: lost wages, lost commissions, attorney fees, and liquidated damages as allowed by statute.

## COUNT II
## BREACH OF CONTRACT

25. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

26. CitiStaff has breached its contract with Stewart by failing to pay him all wages and commissions owed pursuant to the parties' employment contract.

27. As a direct and proximate result of CitiStaff's breach of contract, Stewart has suffered damages as fully set forth in paragraph 24 of this Complaint.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACT
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

28. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

29. CitiStaff has communicated to LJ, Inc., its owners, officers and directors in an attempt to have LJ, Inc. discharge Stewart from his employment.

30. Stewart's employment with LJ, Inc. had a reasonable likelihood of future economic benefit for Stewart.

31. CitiStaff knew of Stewart's contract and/or business relationship with LJ, Inc.

32. Through the conduct described above, CitiStaff improperly and intentionally interfered with the business expectancy and relationship between LJ, Inc. and Stewart.

33. CitiStaff's conduct described above was intended to, and did, interfere with the contract, business expectancies and business relationship between Stewart and LJ, Inc.

34. As a direct and proximate result of CitiStaff's tortious interference with a contract/tortious interference with a business expectancy, Stewart suffered damages, including, but not limited to: lost business expectancy, lost wages, lost income, lost commissions and emotional distress.

## COUNT IV
## DECLARATORY RELIEF

35. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

36. The purported noncompetition and non-solicitation agreement is so vague and ambiguous so as to be unenforceable and invalid.

37. The purported noncompetition and non-solicitation agreement is void.

38. The purported noncompetition and non-solicitation agreement is not reasonable as to its duration, geographic area, and the type of employment or line of business, and therefore is invalid and unenforceable pursuant to MCL 445.774a.

39. The purported noncompetition and non-solicitation agreement is not designed to protect CitiStaff's reasonable business interests and therefore is invalid and unenforceable pursuant to MCL 445.774a.

40. Stewart is in full compliance with the provisions of the purported noncompetition agreement.

WHEREFORE, Plaintiff Steven Stewart prays that this Honorable Court grant the following relief:

a. Enter a judgment declaring that the purported noncompetition and non-solicitation agreement is invalid, unenforceable and null and void;
b. Alternatively, enter a judgment declaring that Plaintiff Steven Stewart is in full compliance with the purported noncompetition and non-solicitation agreement;
c. Enter a preliminary and permanent injunction against Defendant CitiStaff, Inc. enjoining it from enforcing the purported noncompetition and non-solicitation agreement;
d. Enter a money judgment in favor of Plaintiff Steven Stewart against Defendant CitiStaff, Inc. in an amount that this Court deems fair and just, plus costs, interest and attorney fees as allowed by statute.

## JURY DEMAND

Plaintiff Steven Stewart hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: September 25, 2020